IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON and THOMAS EARL JACKSON, JR., *as Temporary Guardians of Kendric Jackson, an Incapacitated person*,<br>    Plaintiffs,<br><br>v.<br><br>ILLINOIS CENTRAL RAILROAD COMPANY, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO. 1:17-00424-N**<br>)<br>)<br>)<br>) |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] This case was removed to this Court from the Circuit Court of Mobile County, Alabama, by Defendants Illinois Central Railroad Company and David W. Myers (collectively, "the Removing Defendants") under 28 U.S.C. § 1441(a). (*See* Doc. 1). The Removing Defendants allege diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

Upon review of the Notice of Removal and attached exhibits, the undersigned finds that the Removing Defendants must correct the following deficiency in their allegations supporting the parties' citizenships:

1. The two named Plaintiffs, Kimberly Hudson and Thomas Earl Jackson, Jr., are suing in a representative capacity on behalf of their son Kendric Jackson, an "incapacitated person." The notice of removal alleges: "At the time Plaintiffs

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

commenced this action, and at all times since, Plaintiffs were and are individuals residing in Mobile County and citizens of the State of Alabama." (Doc. 1 at 5, ¶ 10). In support, the Removing Defendants cite to paragraphs 1 and 2 of the state court complaint, which only allege that Hudson and Thomas Jackson reside in Mobile County, Alabama. (Doc. 1-1 at 2). However, for purposes of diversity jurisdiction under § 1332, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). The complaint is silent as to the residency of Kendric Jackson, incapacitated (i.e., incompetent), and the notice of removal is, at best, unclear as to whether the allegations regarding the citizenship of the "Plaintiffs" includes Kendric Jackson. Thus, the Removing Defendants must amend their notice of removal to clearly allege Kendric Jackson's citizenship for purposes of § 1332(a).

2. When pleading Kendric Jackson's citizenship, the Removing Defendants are reminded that "**[c]itizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). *See also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods.*

*Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship."). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). *See also Travaglio*, 735 F.3d at 1269 (" 'Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction.' And domicile requires both residence in a state and 'an intention to remain there indefinitely....' " (quoting *McCormick,* 293 F.3d at 1257-58 (internal quotation marks omitted)) (internal citation omitted)); *Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[T]he failure to establish a party's citizenship at

the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation omitted). "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Id.* at 1297.

Upon consideration, the Removing Defendants are **ORDERED** to file and serve, no later than **Thursday, September 28, 2017**, a supplement to their Notice of Removal that corrects the above-described deficiency in their allegations supporting diversity of citizenship under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction. The failure to comply with this order will result in remand of this action *sua sponte* for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**DONE** and **ORDERED** this the 21st day of September 2017.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**